UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSALIO ALVAREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>　　　　　Defendant. | Case No.  15-cv-04204-BLF<br><br>**ORDER GRANTING DEFENDANT NATIONSTAR'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re:  ECF 17] |

Plaintiff Rosalio Alvarez ("Alvarez") brings this action against Defendant Nationstar Mortgage, LLC ("Nationstar").  This matter comes before the Court upon Nationstar's motion to dismiss Plaintiffs' first amended complaint ("FAC"), pursuant to Fed. R. Civ. P. 12(b)(6). Mot., ECF 17.  For the reasons discussed below, Nationstar's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

**I.     BACKGROUND**

The following facts are taken from Alvarez's FAC.  Alvarez owns and occupies a seven-bedroom duplex at 121 Topeka Avenue and 123 Topeka Avenue in San Jose, California.  FAC ¶¶ 1, 4.  In order to purchase this property, Alvarez obtained a loan from Bank of America for approximately $622,000.  *Id*. at ¶ 6.  He made payments on this loan for several years before falling behind in 2012.  *Id*. at ¶¶ 8, 13.

Alvarez alleges that around December 2012, Bank of America improperly attempted to foreclose on the property.  *Id*. at ¶ 14.  His counsel was able to stop the foreclosure and allegedly got Bank of America to admit wrongdoing, *id*. at ¶ 17, and in January 2014, Bank of America sold Alvarez's loan to Nationstar, *id*. at ¶ 18.

In April 2014, Alvarez sought a loan modification from Nationstar.  *Id*. at ¶ 19.  During the

following several months, he submitted a complete loan modification, *id*. at ¶¶ 20, 29, and remained in contact with Nationstar regarding the status of his application, *id*. at ¶ 26. During this time, Nationstar told Alvarez his single point of contact for his application would be Michael Smith. *Id*. at ¶ 28. However, during the month of May, Alvarez and his representatives had to speak with at least six different individuals at Nationstar regarding his loan modification. *Id*. at ¶¶ 30-32.[1] Each Nationstar representative gave Alvarez different information regarding the status of his loan modification. *Id*. at ¶ 33. For example, on May 20, 2014, he was told that his modification application was complete and under review, *id*. at ¶ 34, but a few weeks later, on June 6, 2014, a different Nationstar representative told Alvarez his loan modification application was missing information, *id*. at ¶36, and on June 14, 2014, another Nationstar representative claimed the application was missing more information, *id*. at ¶ 37. This cycle of being told conflicting and inconsistent information continued through 2014. *Id*. at ¶¶ 38-53.

In December 2014, Nationstar sent Alvarez a letter stating it was denying his modification. *Id*. at ¶ 53. Alvarez alleges that due to the "suspicious circumstances surrounding his denial," Nationstar offered him another loan modification in January and February of 2015. *Id*. at ¶ 55. On April 19, 2015, Nationstar sent Alvarez a letter stating that it was assigning him a new loan specialist as a single point of contact. *Id*. at ¶ 59. Despite entering a new application process with Nationstar, on April 21, 2015, Alvarez was given a notice of default. *Id*. at ¶ 56. This notice of default was served without any prior notice stating that his new application had been denied. *Id*. at ¶ 57.

As a result of the above allegations, Alvarez is suing Nationstar for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, fraudulent misrepresentation, wrongful foreclosure in violation of Cal. Civ. Code § 2923.5, dual tracking in violation of Cal. Civ. Code § 2923.6, violating Cal. Civ. Code § 2923.7, violating the California Unfair Competition Law, and violating the Rosenthal Fair Debt Collection Practices Act.

---

[1] In the FAC, at ¶ 30, Alvarez cites to "Exhibit 1: Letter from Bhatnagar Law Office representative Vilma Ponce to Defendant Documenting Issues with Loan Modification Review dated November 13th, 2014." No exhibits were attached to the FAC.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### B. Leave to Amend

Under Rule 15(a), a court should grant leave to amend "when justice so requires," because "the purpose of Rule 15…[is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A court may deny leave to amend for several reasons, including "undue delay, bad faith, . . . [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

As an initial matter, the Court notes that Alvarez's opposition to the motion to dismiss uses the plural form of plaintiff and refers to allegations not contained in the FAC, arguments not made by Nationstar, exhibits not attached to the FAC, and defendants that are not defendants in this action.  While the Court is giving Alvarez leave to amend, in part because of the confusing nature of his FAC and opposition brief, the Court expects all parties to carefully review any future filings to reduce such confusion.  Further, any unexplained mismatches or ambiguities between any amended pleadings and Alvarez's briefing will not be grounds for leave to amend in the future.

### A. Breach of Contract (First Cause of Action)

Nationstar argues that Alvarez's breach of contract claim is not sufficiently pled because he has not adequately alleged the contract terms, his performance under the contract, or Nationstar's breach of the contract. Mot. 3, ECF 17. Alvarez responds that he has sufficiently alleged a breach of contract since he pled the legal effect and substance of the loan agreement and attached a copy of the contract to the FAC. Opp. 7, ECF 19.

The Court finds that Alvarez has not adequately alleged a claim for breach of contract. "A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Miles v. Deutsche Bank National Trust Co.*, 236 Cal.App.4th 394, 402 (2015) (quoting *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (2008)). In order to sufficiently allege the existence of a contract, (1) "the terms must be set out verbatim in the body of the complaint[, (2)] a copy of the written instrument must be attached…," or (3) "a plaintiff may plead the legal effect of the contract rather than its precise language." *Id*. at at 402; *see also* 4 Witkin, Cal. Procedure, Pleading § 519 ("The other method of pleading a written contract is according to its legal effect, by alleging the making, and then proceeding to allege the substance of its relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions, and it involves the danger of variance where the instrument proved differs from that alleged. Nevertheless, it is an established method, although infrequently employed."). Here, Alvarez has not set forth verbatim the terms of the contract in the FAC and contrary to his statements in his opposition brief, he has not attached the contract to the FAC. Furthermore, Alvarez has not sufficiently pled the legal effect of the contract. In the FAC, Alvarez alleges that the contract required Nationstar to follow California law and that by violating law, Nationstar breached the contract. *See, e.g.*, FAC ¶¶ 86, 87, 93, 94. But in his opposition brief, Alvarez refers to a "breach of the Trial Payment Agreement," an agreement that is not mentioned in the FAC. Alvarez's non-existent allegations regarding a "Trial Payment Agreement" are not sufficient to show the existence of the contract. His failure to adequately allege the existence of a contract is

1   fatal to his breach of contract claim and accordingly, the Court GRANTS Nationstar's motion to
2   dismiss with leave to amend.

### B.   Breach of the Covenant of Good Faith and Fair Dealing (Second Cause of Action)

Nationstar argues that Alvarez has not alleged a claim for the breach of the covenant of good faith and fair dealing. Mot. 4-5, ECF 17. According to Nationstar, Alvarez may not rely on a statutory duty to create an implied covenant between the parties. *Id.* Alvarez, who appears to be responding to a different lawsuit, confusingly argues that he does not need to establish a "special relationship" to allege an implied covenant. Opp. 7-8, ECF 19.

The Court finds that Alvarez has not pled a breach of the covenant of good faith and fair dealing. "Any action for breach of the implied covenant requires the existence of a contract. The scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Castro v. JPMorgan Chase Bank, N.A.*, Case No. 14-cv-01539-NC, 2014 WL 2959509, at *3 (N.D. Cal. June 30, 2014) (internal citations and quotations omitted). Since Alvarez has not adequately alleged the existence of a contract, his claim for a breach of the covenant of good faith and fair dealing also fails. Accordingly, the Court GRANTS Nationstar's motion to dismiss with leave to amend.

### C.   Promissory Estoppel (Third Cause of Action)

Alvarez brings a claim of promissory estoppel against Nationstar to enforce its representations that if he were to "submit a completed loan application, they would consider it in good faith." FAC ¶ 143. Promissory estoppel requires: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance. *Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).

Alvarez's claim fails because he has not sufficiently alleged a "clear and unambiguous" promise. For example, at paragraph 140 of the FAC, Alvarez alleges Nationstar offered him "an opportunity for loan modification through the submission of a completed application." FAC ¶ 140. At paragraph 143, Alvarez alleges that he lost out on other foreclosure avoidance procedures

5

"in reasonable reliance of [Nationstar's] representations that, should he submit a completed loan application, they would consider it in good faith." However, prior to this statement, Alvarez never alleges that Nationstar told him they would review his application in good faith. Instead, he appears to conflate his allegation that Nationstar was required to conduct a "good faith review" of his completed loan modification under the California Homeowner's Bill of Rights, FAC ¶¶ 111-112, with a "clear and unambiguous" promise made by Nationstar to him. He never alleges what specific representations Nationstar made to him that would give rise to a clear promise and thus, the Court GRANTS Nationstar's motion to dismiss with leave to amend.

### D. Fraud (Fourth Cause of Action)

Alvarez's fourth cause of action is for fraud. A cause of action for fraud is subject to the heightened pleading requirements of Rule 9(b), and the party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). When pleading fraud against a corporation, Alvarez must allege the name (or names) of the person(s) who made the representations, along with "their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

Alvarez has not met the heightened pleading requirements of Rule 9(b). First, Alvarez argues that he "[s]pecifically tied both SPS and US Bank to this fraud." Opp. 9, ECF 19. SPS and US Bank are not mentioned anywhere in the FAC. Second, Alvarez's allegations regarding Nationstar's conduct are insufficiently pled. Alvarez points to paragraph 59 through 62 of his FAC as support for his fraud claim. *Id*. at 9. In those paragraphs, Alvarez alleges that he received a letter from "Defendant" in which it notified him that Andrew Harrison would be his single point of contact. FAC ¶ 59. That allegation does not mention who at Nationstar sent the letter to Alvarez.[2] Yet, in the next paragraph, Alvarez alleges that "[t]his statement was obviously and fraudulently made by Mr. Harrison." FAC ¶ 60. It is not clear from the FAC what specific

---

[2] In fact, in other parts of the FAC, it appears this letter was not sent by Andrew Harrison. *See, e.g.*, FAC ¶ 125 ("On April 19th, 2015, Defendant did in fact send Plaintiff a letter providing Plaintiff with a new single point of contact, Andrew Harrison.").

1  statement was made by Mr. Harrison.  Alvarez has not stated with particularity and clarity the

2  circumstances surrounding the purported fraud, and accordingly, the Court GRANTS Nationstar's

3  motion to dismiss with leave to amend.

### E. Violations of HBOR (Fifth, Sixth, and Seventh Causes of Action)

#### 1. California Civ. Code § 2923.5

The pertinent part of § 2923.5 requires a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" before recording a notice of default.  Cal. Civ. Code § 2923.5.

Nationstar argues that Alvarez has not sufficiently alleged a claim under Cal. Civ. Code § 2923.5.  Mot. 8, ECF 10.  Alvarez argues that by alleging that Nationstar never attempted to inform him of alternatives to avoid foreclosure, he has alleged a violation of § 2923.5.  Opp. 11, ECF 19.

The Court finds Alvarez has not pled a cause of action under § 2923.5.  Although Alvarez argues in his opposition brief that "at no time prior [to recording the notice of default] did [Nationstar] attempt to inform [him] of 'alternatives,'" his opposition contains no citations to his FAC. Opp. 11, ECF 19.  The Court has reviewed the FAC and cannot find where Alvarez stated Nationstar did not inform him of other options to foreclosure and in fact, if anything, it appears Nationstar did notify Alvarez of alternatives to foreclosure.  *See* FAC ¶ 199 ("That Defendant did offer Plaintiff an opportunity to submit a loan modification application in April of 2014."). Accordingly, the Court GRANTS Nationstar's motion to dismiss with leave to amend.

#### 2. California Civ. Code § 2923.6

Section 2923.6 of California's Civil Code states that a loan servicer may not record a notice of default if a borrower submits a complete loan modification application.  Nationstar argues that the completeness of an application is at the servicer's discretion and that Alvarez never alleges Nationstar informed him that his loan modification application was complete.  Mot. 8-9, ECF 10.  Alvarez argues that he alleged he submitted a complete loan modification application by submitting all required documentation.  Opp. 11, ECF 19.

The Court does not find persuasive Nationstar's argument that a servicer has the sole ability to determine when a loan modification application is complete under § 2923.6. Nationstar has cited no authority for its position and such an interpretation of § 2923.6 would undermine its meaning. If a plaintiff alleges sufficient facts to support the inference that he submitted a complete loan modification, that is sufficient to state a claim under § 2923.6. *See Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 998-99 (N.D. Cal. 2014).

In any event, § 2923.6(g) states:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g). Here, Alvarez alleges that he submitted a first loan modification on May 1, 2014. FAC ¶ 29. While he alleges that modification was initially denied in November 2014 for conflicting reasons, FAC ¶¶ 44, 46, he later alleges that Nationstar sent him a letter in December 2014 denying his loan modification. FAC ¶ 53. Alvarez makes no allegations that Nationstar did not afford him a fair opportunity to be evaluated when it denied his loan modification in December 2014. As a result, under § 2923.6(g), Nationstar did not have an obligation to evaluate his subsequent applications in January and February 2015 before recording a notice of default. Accordingly, the Court GRANTS Nationstar's motion to dismiss with leave to amend. Alvarez must allege sufficient facts indicating that he was not given a fair opportunity to be evaluated when Nationstar denied his application in December 2014.

### 3. California Civ. Code § 2923.7

Section 2923.7 states that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of

contact." Cal. Civ. Code § 2923.7(a). A "'single point of contact'" is defined as "an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described" in the statute. Cal. Civ. Code § 2923.7(e).

Nationstar argues that Alvarez has not stated a violation of § 2923.7. Mot. 9-10, ECF 10. Although Alvarez has alleged he talked with several different individuals despite requesting a single point of contact, Nationstar claims that the statute allows a team of contacts to be used for a particular file. *Id*. Alvarez does not address Nationstar's argument in his opposition brief nor address why Nationstar could not provide him a "team of personnel" under the statute. Accordingly, the Court GRANTS as unopposed and with leave to amend Nationstar's motion to dismiss.

### F.   Violation of the UCL (Eighth Cause of Action)

Alvarez's eighth cause of action alleges that Nationstar violated California's Unfair Competition Law ("UCL"). The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." *See* Cal. Bus. & Prof. Code § 17200. A UCL claim is "derivative of some other illegal conduct or fraud committed by a defendant, and [a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Lomboy v. SCME Mortg. Bankers*, No. C-09-1160 SC, 2009 WL 1457738, at *6 (N.D. Cal. May 26, 2009) (citation omitted). Since Alvarez has not sufficiently pled any statutory violations, he has not adequately alleged a violation of the "unlawful" prong of the UCL. As to the unfair and fraudulent prongs of the UCL, the facts constituting a violation of the UCL must be stated "with reasonable particularity." *York v. Bank of America*, Case No. 14-cv-02471-RS, 2015 WL 3561723, at *9 (N.D. Cal. June 8, 2015). Alvarez has not pled allegations with reasonable particularity. For example, he alleges that Nationstar "is in the routine practice of soliciting borrowers to enter into a fraudulent trial payment plan in order to qualify for a loan modification." FAC ¶ 253. However, Alvarez does not include any other details and he does not mention a trial payment plan anywhere else in his FAC. Accordingly, the Court GRANTS Nationstar's motion to dismiss with leave to amend.

**G.  Violation of the Rosenthal Fair Debt Collection Practices Act (Ninth Cause of Action)**

The Rosenthal Fair Debt Collection Practices Act prohibits creditors and debt collectors from, among other things, making false, deceptive, or misleading representations in an effort to collect a debt. Cal. Civ. Code § 1788, *et seq*. Nationstar argues that Alvarez has not alleged any conduct prohibited by the Rosenthal Act. Mot. 11-12, ECF 10. Alvarez argues that while a foreclosure is not a debt collection activity, violations related to payment collection qualify as a debt collection activity. Opp. 13-14, ECF 19 (citing FAC ¶¶ 156-165).

The Court agrees with Nationstar and finds that Alvarez has not adequately pled a claim under the Rosenthal Act. The most significant problem with Alvarez's claim is that he does not allege which specific provisions of the Rosenthal Act he believes Nationstar violated. The Rosenthal Act contains several provisions and broadly alleging that Nationstar violated the act, does not put Nationstar on fair notice of the claim against it.

Second, it is not clear what conduct Alvarez believes violated the Rosenthal Act. In his brief, he cites to paragraph 156 to 165, which vaguely refer to Nationstar's alleged failure to review his loan modification application in good faith and Nationstar's purported misrepresentations in enticing him to apply for a loan modification. FAC ¶¶ 156-165. Although Nationstar argues that foreclosure related activity can never qualify as a debt collection activity, the Ninth Circuit, in *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 885 (9th Cir. 2013), found that Wells Fargo, in offering a trial payment plan in response to a loan modification request, was engaged in debt collection activity. For present purposes, the Court is unable to assess Alvarez's Rosenthal Act claim because it is too vaguely pled. Accordingly, the Court GRANTS Nationstar's motion to dismiss with leave to amend. *See also Agbowo v. Nationstar Mortg. LLC*, Case No. 14-cv-01295-LB, 2015 WL 628333, at *9 (N.D. Cal. Feb. 12, 2015).

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  The Court GRANTS Nationstar's motion to dismiss with leave to amend as to Alvarez's first cause of action for breach of contract.

2.  The Court GRANTS Nationstar's motion to dismiss with leave to amend as to

1 Alvarez's second cause of action for breach of the covenant of good faith and fair dealing.

2     3.    The Court GRANTS Nationstar's motion to dismiss with leave to amend as to
3 Alvarez's third cause of action for promissory estoppel.

4     4.    The Court GRANTS Nationstar's motion to dismiss with leave to amend as to
5 Alvarez's fourth cause of action for fraud.

6     5.    The Court GRANTS Nationstar's motion to dismiss with leave to amend as to
7 Alvarez's fifth cause of action for violating Cal. Civ. Code § 2923.5.

8     6.    The Court GRANTS Nationstar's motion to dismiss with leave to amend as to
9 Alvarez's sixth cause of action for violating Cal. Civ. Code § 2923.6.

10     7.    The Court GRANTS AS UNOPPOSED and with leave to amend Nationstar's
11 motion to dismiss Alvarez's seventh cause of action for violating Cal. Civ. Code § 2923.7.

12     8.    The Court GRANTS Nationstar's motion to dismiss with leave to amend as to
13 Alvarez's eighth cause of action for violating the UCL.

14     9.    The Court GRANTS Nationstar's motion to dismiss with leave to amend as to
15 Alvarez's ninth cause of action for violating the Rosenthal Fair Debt Collection Practices Act.

16 Alvarez shall submit any amended complaint **on or before** August 29, 2016.

17 **IT IS SO ORDERED.**

18 Dated: July 29, 2016

                        BETH LABSON FREEMAN
                        United States District Judge