UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSALIO ALVAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | Case No.  15-cv-04204-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Re: ECF 29] |

Plaintiff Rosalio Alvarez ("Alvarez") brings this action against Defendant Nationstar Mortgage, LLC ("Nationstar") in connection with his properties and his loan modification applications. Before the Court is Nationstar's motion to dismiss Plaintiffs' second amended complaint ("SAC"), pursuant to Fed. R. Civ. P. 12(b)(6). Mot., ECF 29. Having considered the papers filed in conjunction with the motion and the parties' oral argument at the hearing on January 26, 2017, the Court GRANTS Nationstar's motion to dismiss for the reasons set forth below.

**I.     BACKGROUND**

    **A.     Factual Background**

The following facts are taken from Alvarez's SAC. Alvarez owns and occupies a seven-bedroom duplex at 121 Topeka Avenue and 123 Topeka Avenue in San Jose, California. SAC ¶¶ 1, 4. In order to purchase this property, Alvarez obtained a loan from Bank of America for approximately $622,000. *Id.* ¶ 6. He made payments on this loan for several years before falling behind in 2012. *Id.* ¶¶ 8, 13.

Alvarez alleges that on or before December 2012, Bank of America improperly attempted to foreclose on the property. *Id.* ¶ 14. His counsel was able to stop the foreclosure and allegedly

got Bank of America to admit wrongdoing. *Id*. ¶ 17. In January 2014, Bank of America sold Alvarez's loan to Nationstar. *Id*. ¶ 18.

In April 2014, Alvarez sought a loan modification from Nationstar. *Id*. ¶ 19. During the following several months, he submitted a complete loan modification application. *Id*. ¶¶ 20, 29. Alvarez remained in contact with Nationstar regarding the status of his application. *Id*. ¶ 26. During this time, Nationstar told Alvarez his single point of contact ("SPOC") for his application would be Michael Smith. *Id*. ¶ 28. However, during the month of May, Alvarez and his representatives had to speak with at least six different individuals at Nationstar regarding his loan modification. *Id*. ¶¶ 30-32. Each Nationstar representative gave Alvarez different information regarding the status of his loan modification. *Id*. ¶ 33. For example, on May 20, 2014, he was told that his modification application was complete and under review, *id*. ¶ 34, but a few weeks later, on June 6, 2014, a different Nationstar representative told Alvarez his loan modification application was missing information, *id*. ¶36, and on June 14, 2014, another Nationstar representative claimed the application was missing more information, *id*. ¶ 37. This cycle of being told conflicting and inconsistent information continued throughout 2014. *Id*. ¶¶ 38-53.

In December 2014, Nationstar sent Alvarez a letter stating it was denying his loan modification application. *Id*. ¶ 53. Alvarez alleges that Nationstar offered him another review of his loan modification if he provided a complete loan modification application. *Id*. ¶ 55. Alvarez then provided a complete loan modification application to Nationstar in January of 2015. *Id.* ¶ 56. Despite entering a new application process with Nationstar, Alvarez was given a notice of default on April 21 of 2015. *Id*. ¶ 57. This notice of default was served without any prior notice stating that his new application had been denied. *Id.* ¶ 58. Alvarez further alleges that Nationstar did not properly notify Alvarez that he had a right to appeal this denial. *Id*. ¶ 59. The only document received by Alvarez prior to this notice of default was Nationstar's letter dated April 19, 2015, in which it merely notified Alvarez that it was assigning him a new loan specialist, Andrew Harrison, as his SPOC.

Based on the allegations set forth in the SAC, Alvarez is suing Nationstar for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, fraudulent

2

misrepresentation, wrongful foreclosure in violation of California Civil Code § 2923.5, violating California Civil Code § 2923.6, violating California Civil Code § 2923.7, violating the California Business and Professional Code § 17200, and violating the Rosenthal Fair Debt Collection Practices Act.

### B. Procedural History

On August 11, 2015, Alvarez brought this action against Nationstar in Santa Clara County Superior Court, alleging several causes of actions arising out of Alvarez's loan modification applications with Nationstar. The case was later removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441 and 1332. On September 22, 2015, Nationstar moved to dismiss Alvarez's complaint. ECF 7. Alvarez subsequently amended his complaint mooting Nationstar's motion to dismiss. ECF 15. Nationstar then moved to dismiss Alvarez's first amended complaint on January 27, 2016. ECF 17. On July 29, 2016, the Court granted Nationstar's motion to dismiss Alvarez's first amended complaint with leave to amend. ECF 26.

Alvarez then filed his second amended complaint ("SAC") on August 29, 2016, which Nationstar now moves to dismiss. ECF 28; Mot. On January 26, 2017, the Court held a hearing on Nationstar's motion to dismiss Alvarez's second amended complaint. ECF 36. For the reasons set forth below, the Court rules as follows.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St.*

3

1  *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

2  **III.   DISCUSSION**

3      **C.   Breach of Contract (First Cause of Action)**

Alvarez brings a breach of contract claim against Nationstar for "breaching its contractual obligations in unlawfully violating existing California law and loan procedures in contradiction to its responsibilities and obligation under contract." SAC ¶ 63. Nationstar argues that Alvarez's breach of contract claim is not sufficiently pled because Alvarez fails to allege the existence of the contract at issue. Specifically, Nationstar argues that Alvarez has not adequately alleged the contract terms, his performance under the contract, or Nationstar's breach of the contract. Mot. 3.

"A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Miles v. Deutsche Bank National Trust Co.*, 236 Cal.App.4th 394, 402 (2015) (quoting *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226, 1239 (2008)). To sufficiently allege the existence of a contract, "the terms [of the contract] must be set out verbatim in the body of the complaint," "a copy of the written instrument must be attached and incorporated by reference," or "a plaintiff may plead the legal effect of the contract rather than its precise language." *Id*.

The Court finds that Alvarez has not adequately alleged a claim for breach of contract. Alvarez conclusorily alleges that he was provided an opportunity to pursue a loan modification application by Nationstar, and Nationstar failed to meet its obligations under the Homeowner's Bill of Rights ("HBOR") by improperly reviewing Alvarez's loan modification application. However, Alvarez has not set forth the terms of the contract in the SAC or any of his prior complaints, nor has he attached a copy of the alleged contract to the complaint. Alvarez also has not sufficiently pled the legal effect of the contract. In fact, the alleged contract and its terms have never been identified by Alvarez. Alvarez's failure to allege the existence of a contract is thus fatal to his breach of contract claim against Nationstar. Alvarez did not dispute at the motion hearing that the breach of contract claim suffers this failure.

Moreover, Alvarez has failed to allege facts supporting the other basic elements of the

claim. He has not alleged his own performance, and in fact, he admits he has failed to pay his mortgage since 2012, and makes no attempt to allege excuse. SAC ¶¶ 13, 68, 101-02, 112. He also fails to allege what portion of the unidentified contract Nationstar violated. The above-described deficiencies are identical to those pointed out by the Court in its order granting Nationstar's motion to dismiss the first amended complaint. ECF 26. Accordingly, the Court GRANTS Nationstar's motion to dismiss this breach of contract claim.

### D.     Breach of the Covenant of Good Faith and Fair Dealing (Second Cause of Action)

The SAC alleges that Nationstar was "required to conduct a good faith review" of Alvarez's application packet in accordance with California statutes and by failing that obligation, Nationstar breached the covenant of good faith and fair dealing. SAC ¶¶ 109, 111, 129, 131. Nationstar argues that Alvarez mistakenly relies on a statutory duty to create an implied covenant between the parties. Mot. 5.

"California law, like the law in most states, provides that a covenant of good faith and fair dealing is an implied term in every contract." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 996 (9th Cir. 2002). "[T]he scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.,* 2 Cal. 4th 342, 373 (1992). Here, without establishing the existence of a contract, the SAC similarly fails in stating a claim for a breach of implied covenant of good faith and fair dealing. Alvarez did not dispute at the hearing that the SAC fails to state a claim for breach of the covenant of good faith and fair dealing. Accordingly, the Court GRANTS Nationstar's motion to dismiss this second cause of action.

### E.     Promissory Estoppel (Third Cause of Action)

Alvarez asserts a claim of promissory estoppel against Nationstar based on the allegations that Alvarez "suffered economic hardship, mental anguish and emotional distress as a direct and proximate result of his reasonable reliance on Nationstar's material representations." SAC ¶ 134. Nationstar argues that Alvarez never alleges any promise made by Nationstar. Mot. 6.

"Under California law, the elements of promissory estoppel are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance

5

1    must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured
2    by his reliance." *Sateriale v. R.J. Reynolds Tobacco Co.,* 697 F.3d 777, 792 (9th Cir. 2012). A
3    promise must be "sufficiently definite to support promissory estoppel." *Garcia v. World Sav.,*
4    *FSB*, 183 Cal. App. 4th 1031, 1045 (2010). "To be enforceable, a promise need only be definite
5    enough that a court can determine the scope of the duty, and the limits of performance must be
6    sufficiently defined to provide a rational basis for the assessment of damages." *Id*.

7    Here, the only alleged promise that the SAC identifies is that Nationastar would provide a
8    "good faith review" of the loan modification application. SAC ¶ 139; Opp'n 11, ECF 30. This
9    allegation is vague and provides no details on of the alleged promise. Courts in this District have
10   considered similar claims and rejected them. In *Hosseini v. Wells Fargo Bank, N.A.*, the court
11   held that an alleged promise to provide a "good faith evaluation of a loan modification
12   application" was not actionable. No. 13-02066-DMR, 2013 WL 4279632, at *6 (N.D. Cal. Aug.
13   9, 2013). The court explained that "[a]lthough this representation implies something about the
14   future, it is not a clear, unambiguous, enforceable promise that would support a promissory
15   estoppel claim." *Id.* (citing *Lindberg v. Wells Fargo Bank N.A.,* No. 13-0808-PJH, 2013 WL
16   3457078, (N.D. Cal. July 9, 2013); *Macris v. Bank of Am., N.A.*, No. 11-1986, 2012 WL 273120,
17   at *8 (E.D. Cal. Jan. 30, 2012)). The allegations in the SAC are equally deficient. Alvarez did
18   not dispute at the motion hearing that this claim suffers from the deficiency of failing to state a
19   clear promise. Accordingly, the Court GRANTS Nationstar's motion to dismiss this third cause
20   of action.

21   **F.    Fraudulent Misrepresentation (Fourth Cause of Action)**

22   Alvarez alleges that Nationstar made repeated fraudulent misrepresentation to entice
23   Alvarez to apply for a loan modification as well as during the modification process itself. SAC ¶
24   160-161. Nationstar argues that Alvarez fails to plead specific statements as basis for his fraud
25   claim. Mot. 8.

26   "The elements of fraud, which give rise to the tort action for deceit, are (a)
27   misrepresentation; (b) knowledge of falsity; (c) intent to defraud; (d) justifiable reliance; and (e)
28   resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). A cause of action for

6

fraud is further subject to the heightened pleading requirements of Rule 9(b), and the party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). When pleading fraud against a corporation, a plaintiff must allege the name (or names) of the person(s) who made the representations, along with "their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

The allegations relied upon by Alvarez do not meet the heightened pleading requirements of Rule 9(b). The SAC states that after receiving Nationstar's letter denying his application on November 4, 2014, a representative identifying herself as Paris told Alvarez that this letter "was a categorical lie." SAC ¶¶ 41-50, 175, 178. Alvarez also alleges that another one of Nationstar's agents, "Joe," informed Alvarez later on November 13, 2014 "that his loan modification application was complete and under review." *Id.* ¶ 177. However, Alvarez subsequently on December 5, 2014, allegedly received a letter stating that his application was incomplete. *Id.* ¶ 179. According to the SAC, the following month in 2015, Nationstar offered a "good faith review" of another loan modification application from Alvarez, and sent him a letter appointing him a loan modification specialist. *Id.* ¶¶ 181-86. However, Nationstar then allegedly sent Alvarez a notice of default, only two days later after receipt of this letter appointing a specialist for his loan application review. *Id.* ¶ 188.

The alleged contradictions between the letters Alvarez received and the representations made by Nationstar's agents can support a claim that certain statements made by Nationstar might not have been accurate. However, the allegations still lack the particularity and clarity required to support the purported fraud and cannot meet the heightened pleading standard. Specifically, the SAC provides no allegations demonstrating that Nationstar had knowledge that the statements allegedly made were false and that Nationstar had intent to defraud. Further, Alvarez alleges no justifiable reliance on the allegedly false statements or any damages resulting from that reliance. Alvarez did not dispute at the motion hearing that this claim suffers from these deficiencies. Accordingly, the Court GRANTS Nationstar's motion to dismiss this claim of fraudulent misrepresentation

### G. Violations of the HBOR (Fifth, Sixth, and Seventh Causes of Action)

#### i. California Civil Code § 2923.5

Alvarez alleges that Nationstar made no attempt to provide him with an option to avoid foreclosure before recording a notice of default and placing him in foreclosure proceedings, in violation of California Civil Code § 2923.5. SAC ¶ 194. Nationstar argues that Alvarez has not sufficiently alleged any violation under this statute. Mot. 8-9.

Taking effect on January 1, 2013, the California Homeowner Bill of Rights ("HBOR") is a "state law designed to both provide protections for homeowners facing [non-judicial] foreclosure and reform aspects of the foreclosure process." *Johnson v. Bank of Am., N.A.*, No. 14-05053-JSC, 2015 WL 351210, at *3 (N.D. Cal. Jan. 23, 2015) (citing Cal. Civ.Code § 2923.4). The relevant provision of § 2923.5 requires a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" before recording a notice of default. Cal. Civ. Code § 2923.5.

The Court finds Alvarez has not sufficiently pled a cause of action under section 2923.5. Alvarez argues in opposition that before recording a notice of default, Nationstar made no attempt to inform him of the options to avoid foreclosure. Opp'n 11. However, the allegations in the SAC belie this argument, as the SAC alleges that in January of 2015, Nationstar did offer him another opportunity to submit a loan modification application. SAC ¶ 200. A further review of the SAC reveals no allegation in support of a cause of action under § 2923.5 and Alvarez does not point to any allegations in the SAC in support of his argument. On the day of the hearing on Nationstar's motion, Alvarez conceded that this cause of action is not sufficiently alleged. Accordingly, the Court GRANTS Nationstar's motion to dismiss this claim.

#### ii. California Civil Code § 2923.6

Alvarez alleges that Nationstar violated California Civil Code § 2923.6 by instituting foreclosure proceedings during such time Alvarez was being considered for a loan modification application. SAC ¶ 212. Nationstar first argues that Alvarez's loan modification application was never complete. Mot. 9-10. Even if an application is at one point deemed complete, Nationstar

8

contends that the mortgage servicer is permitted to request further documents and then to deny the application if those documents are not provided. *Id.* According to Nationstar, it never informed Alvarez that his application was complete and that his incomplete application was not under review. *Id.* at 10. Nationstar also makes an alternative argument that it could record the notice of default regardless because Alvarez had already been given a prior opportunity to have a loan modification evaluated. *Id.* In opposition, Alvarez argues that he submitted a complete loan modification application by providing all the documentation required by Nationstar. Opp'n 12; SAC ¶¶ 216. Alvarez further argues that Nationstar unlawfully placed him in foreclosure proceedings on or about April of 2015, without providing any denial of his loan modification, or otherwise providing him with the 30-day appeal process as required by California law. *Id.*; SAC ¶¶ 215-227. During the motion hearing, Alvarez also argued that a court in this District has denied a defendant's motion to dismiss based on similar facts such as those presented here. *See Johnson*, 2015 WL 351210.

      Among protections provided to home loan borrowers, the HBOR "attempts to eliminate the practice, commonly known as dual tracking, whereby financial institutions continue to pursue foreclosure even while evaluating a borrower's loan modification application." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013). As such, while a borrower's complete application for a first lien loan modification is pending, the mortgage servicer may not record a notice of default. Cal. Civ. Code § 2923.6(c). However, such prohibition against recording a notice of default is triggered only "if the borrower submits a complete application." *Id.* As to whether a loan modification is complete, § 2923.6(h) states that "[f]or purposes of this section, an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h). The Court addresses Nationstar's arguments in turn.

      a.   Completeness of a Loan Modification Application

As to Nationstar's argument that the application was incomplete, the Court finds that the SAC sufficiently pleads that Alvarez submitted a "complete" application and that Nationstar

9

began foreclosure proceeding during the pendency of the application in violation of California Civil Code section 2923.6. If a plaintiff clearly pleads that the application he submitted was a complete application and that the servicer has notified him as such, this can be sufficient to state a claim under section 2923.6. *E.g.*, *Dias v. JP Morgan Chase, N.A.*, No. 13-05327-EJD, 2015 WL 1263558, at *5 (N.D. Cal. Mar. 19, 2015) (finding sufficient allegations that the plaintiffs believed their application to be complete on the date the Notice of Trustee Sale was recorded). Here, Alvarez alleges that he submitted two loan modification applications to Nationstar, one in 2014 and another one in 2015. *E.g.*, SAC ¶¶ 29, 56. However, according to the SAC, a notice of default was served on Alvarez in April 2015, during the pendency of his second application. *Id.* ¶¶ 57, 83, 125. As such, the claims of the dual-tracking concern only the second application in 2015, and the Court will discuss whether the second application Alvarez submitted in 2015 was complete and entitled to the protections against dual-tracking.

In regards to the second application that Alvarez submitted in 2015, Alvarez alleges that in or around January 2015, he "filed all documentation and information requested so as to complete his [loan modification] application." SAC ¶¶ 221-24. Alvarez further alleges that on April 19, 2015, he received "a letter from Defendant stating it had assigned Plaintiff a new loan modification specialist" without stating that more documents were requested or that his application was incomplete. *Id.* ¶¶ 183-86, 223. Then "two days later, on April 21st, 2015, Plaintiff did receive a notice of default on his property filed and recorded by Defendant." *Id*. ¶¶ 227. Given that the allegations state that Alvarez submitted all the documents necessary to complete his application and received no notification from Nationstar to the contrary, and only to receive a notice of default soon thereafter, the Court finds that Alvarez has plausibly alleged that while a complete application for a loan modification was pending, Nationstar caused a notice of default to be recorded on the property at issue.

### b. A Fair Opportunity for the Evaluation

The Court turns to Nationstar's argument that it had no obligation to provide a fair evaluation of Alvarez's second application after having given him a prior opportunity to have his first loan modification application evaluated. Cal. Civ. Code section 2923.6(g) states that "the

mortgage servicer shall not be obligated to evaluate applications from borrowers . . . who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances . . . ." Cal. Civ. Code § 2923.6(g).

The Court finds that the SAC plausibly alleges that Alvarez's first application in 2014 was not given a fair opportunity to be evaluated, so Nationstar had an obligation to evaluate his second application in 2015. In *Johnson*, the court denied a motion to dismiss the claim under § 2923.6 because it found that the plaintiff's application was not given a fair opportunity to be evaluated. 2015 WL 351210, at *5. In reaching that conclusion, the court found sufficient the allegation that the plaintiff's application was denied for failing to submit documents that she did in fact submit, and that those documents were only requested after the defendant had already advised her that her application was complete. *Id.* The SAC allegations here are similar to those in *Johnson*. According to the SAC, Alvarez received a denial letter from Nationstar on November 4, 2014, finding his 2014 application to be incomplete, despite the fact that a Nationstar agent, "Nick," had told him on the same day that his "application was compete and no further documents were required." SAC ¶¶ 41-44. Alvarez then alleges that on several occasions thereafter, he was informed, again, by various Nationstar representatives that his application was indeed complete, only to receive another letter in December 2014, stating that his application was denied as incomplete. *Id.* ¶¶ 46-49, 53. These allegations present a situation similar to that in *Johnson*, where the plaintiff's application was denied as incomplete even though she had already submitted the requested documents. The allegations thus show that the first application submitted in 2014 was not given a fair opportunity to be evaluated by Nationstar.

Given that the 2014 application was not given a fair opportunity to be evaluated according to the SAC, Nationstar would be required by California Civil Code § 2923.6(g) to evaluate the 2015 application that Alvarez subsequently submitted before issuing a notice of default.

      a. California Civil Code § 2923.6 (f)(1)

Separate from the prohibition of dual-tracking in California Civil Code § 2923.6(g), a different subsection of California Civil Code § 2923.6, subsection (f)(1), further requires that the

11

letter denying the application to identify for the borrower "[t]he amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial." Among the barrage of allegations in the SAC, Alvarez states in passing that the denial letter received by Alvarez "made no reference to [Alvarez's] right to seek an appeal" or "the 31 day window in which he was permitted to file this appeal." *Id.* ¶¶ 45, 59. It appears that Alvarez alleges that Nationstar failed to notify him of the appeal right in the denial letters for both the 2014 and the 2015 applications. The Court notes that Alvarez does not specifically sets forth a violation of § 2923.6(f)(1) in the SAC, does not allege factual details surrounding this bare-bones allegation, and does not invoke subsection (f)(1) in his opposition paper. Nonetheless, the claim that Nationstar did not adequately notify Alvarez of his appeal rights in contravention of § 2923.6(f)(1) narrowly survives the motion to dismiss.

### iii.   California Civil Code § 2923.7

Alvarez alleges that Nationstar violated California Civil Code § 2923.7 because it failed to provide him with a single point of contact ("SPOC") to facilitate the review of his loan modification application. SAC ¶ 232. Nationstar argues that the statute does not prohibit a servicer from appointing a new single point of contact, or using a team of contacts for a particular file. Mot. 10-11. Alvarez fails to address the § 2923.7 claim in his opposition to the present motion or his opposition to the prior motion to dismiss.

Section 2923.7 states that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a 'single point of contact' and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). A "single point of contact" is defined as "an individual or team of personnel each of whom has the ability and authority to perform the responsibilities described" in the statute. Cal. Civ. Code § 2923.7(e). The statute requires a SPOC to coordinate "receipt of all documents associated with available foreclosure prevention alternatives" and to "[notify] the borrower of any missing documents necessary to complete the application." Cal. Civ. Code § 2923.7(b)(2); *Johnson*, 2015 WL 351210, at *5-6. A SPOC is also required to have

"access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative." Cal. Civ. Code § 2923.7(b)(3).

Here, the SAC alleges that Nationstar representatives, either acting as individuals or as a team, failed to provide consistent information with regard to the status of Alvarez's application, and thus inaccurately and inadequately informed Alvarez on the current status of any foreclosure prevention alternative. For example, Nationstar assigned a SPOC named Michael Smith after Alvarez accepted Nationstar's offer to submit a loan modification application in April 2014. SAC ¶¶ 235-237. However, Alvarez alleges that he was not able to reach Michael Smith. *Id*. ¶¶ 237-38. After that, he spoke with no less than 15 different agents who were not able to give him "a clear and straight-forward assessment of his loan modification." *Id*. ¶¶ 238-240. On November 4, 2014, Alvarez received an email from Nationstar claiming that his loan modification had been rejected, but on November 10, 2014, "he was told by a new [SPOC], Joe, that his application was complete and currently under review." *Id*. ¶¶ 241-242. Twenty-five days later, Alvarez received "another denial of application for being incomplete." *Id*. ¶ 147. Based on these allegations, the SPOC did not comply with Cal. Civ. Code § 2923.7 at least based on its failure to coordinate receipt of all documents to have access to the current information, and to provide accurate information to Alvarez.

Although Nationstar argues that its team of representatives properly acted as SPOC, the SAC contains allegations showing that the various representatives were not acting as a team in accordance with Cal. Civ. Code § 2923.7, as discussed above. Moreover, a servicer cannot retroactively define all of its representatives as a "team" after the servicer first chooses to assign an individual representative as a SPOC. *Tuan Anh Le v. Bank of N.Y. Mellon*, 152 F. Supp. 3d 1200, 1213 (N.D. Cal. 2015). In *Tuan Anh Le*, the plaintiff alleged that he was assigned a SPOC by a defendant, but was repeatedly unable to reach his assigned SPOC, and was told that he could speak with any of the defendant's representatives. *Id.* at 1205, 1212. The plaintiff also asserted that the defendant's representatives gave him conflicting information regarding the documents required for the loan modification process. *Id.* at 1212. Rejecting the argument that the

13

representatives constituted a "team," the court found that the allegations sufficient at the pleading stage to support a violation of California Civil Code § 2923.7(e). *Id*. at 1213-14. Similarly here, the SAC alleges that Nationstar initially assigned an individual representative as a SPOC, and then later reassigned different representatives to Alvarez, all of whom provided inconsistent information like in *Tuan Anh*. Nationstar thus cannot retroactively label all of its representatives as a "team" when the representatives fail to coordinate and to provide consistent information to Alvarez in accordance with California Civil Code § 2923.7(b)(1) - (5). Accordingly, the Court finds that Alvarez has sufficiently pled a violation of section 2923.7.

### iv. Cognizable Injury and Relief for the HBOR Violations

While the SAC has adequately alleged violations of California Civil Code §§ 2923.6 and 2923.7, Alvarez fails to allege any cognizable injury caused by Nationstar's purported statutory violations. As such, the causes of action based on §§ 2923.6 and 2923.7 violations remain deficient. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1151 (N.D. Cal. 2013) (dismissing the claims because the plaintiffs "have not [] alleged damages as a result of any claimed violations"). The SAC states that Alvarez seeks "damages and monetary and non-monetary relief as is fair and equitable for the financial hardship, mental anguish and emotional distress." SAC ¶ 230. However, Alvarez does not plead any facts to support the conclusory assertion that Nationstar's purported violations of §§ 2923.6 and 2923.7 caused him financial hardship, mental anguish, or emotional distress. Alvarez's request for emotional distress damages is also fundamentally flawed because "a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for *actual economic damages . . . resulting from a material violation of* [§§ 2923.6 and 2923.7]." Cal. Civ. Code § 2924.12(b) (emphasis added); *e.g.*, *Zeppeiro v. Green Tree Servicing, LLC*, No. 14-01336, 2015 WL 12660398, at *6 (C.D. Cal. Apr. 15, 2015). As such, Alvarez cannot recover emotional distress damages.

Accordingly, the Court GRANTS Nationstar's motion to dismiss the sixth and seventh causes of action based on the purported violations of California Civil Code §§ 2923.6 and 2923.7 for insufficient allegations of a cognizable injury.

Even if Alvarez could plead a cognizable injury caused by Nationstar's purported violations of the Civil Code §§ 2923.6 and 2923.7, SAC would not support any relief in the form of money damages stemming from the alleged violations. Under the HBOR, if "the claimant's home has not yet been sold," the plaintiff is entitled to "only injunctive relief." *Galindo v. BSI Fin. Servs., Inc.*, No. 17-00021-LHK, 2017 WL 1036735, at *4 (N.D. Cal. Mar. 17, 2017) (citing *Curtis v. Nationstar Mortg. LLC*, No. 14-05167-HRL, 2016 WL 1275599, at *4 (N.D. Cal. Apr. 1, 2016); Cal. Civ. Code § 2924.12(a)(1)). Alvarez does not allege that his property has been sold, and accordingly he may not seek money damages under the statute. *E.g.*, *Gonzales v. Citimortgage, Inc*, No. 14-4059-EMC, 2015 WL 3505533, at *3 (N.D. Cal. June 3, 2015) (striking "Plaintiff's request for disgorgement, actual, compensatory, statutory, exemplary and punitive damages" because no foreclosure has taken place).

### H. Violation of the Unfair Competition Law (Eighth Cause of Action)

Alvarez alleges that Nationstar engaged in deceptive, unfair and fraudulent conducted in violation of California Business & Professional Code section 17200. Nationstar argues that Alvarez has not properly alleged any violation of law, and even assuming Alvarez had alleged a UCL violation, he fails to allege the standing to enforce it. Mot. 12.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." *See* Cal. Bus. & Prof. Code § 17200. Since the passage of Proposition 64 in 2004, a private person has standing to sue for relief from unfair competition only if the private person suffered injury in fact and lost money or property as a result of the unfair competition. Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006). To have standing, a plaintiff must sufficiently allege that (1) he has "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citations omitted).

This claim fails because Alvarez has not alleged any loss of money or property, or that any such loss is caused by Nationstar's alleged violations of California Civil Code §§ 2923.6 and 2923.7. Alvarez thus lacks standing to bring this claim. *Chu v. Fay Servicing, LLC*, No. 16-

15

04530-KAW, 2016 WL 5846990, at *6 (N.D. Cal. Oct. 6, 2016) (finding that the plaintiff has no standing to bring a UCL claim, because the causation between the default fees and costs and the defendant's action was not sufficiently alleged). Alvarez's UCL claim is based on Nationstar allegedly accepting Alvarez's loan modification applications "without disclosing substantial negative consequences attached to the application process," and "regularly dual tracking [Alvarez]." SAC ¶¶ 254, 256. Alvarez then makes the conclusory allegation that he has suffered "various damages and injuries, including the cost of attempting to prevent the loss of title to the Property." *Id*. ¶ 257. Such conclusory allegations do not support the required showing of a loss of money or property. Moreover, the SAC does not allege facts showing that injury was caused by Nationstar's alleged violations of California Civil Code §§ 2923.6 and 2923.7. Accordingly, the Court GRANTS Nationstar's motion to dismiss this cause of action.

## I. Violation of the Rosenthal Fair Debt Collection Practices Act (Ninth Cause of Action)

The SAC asserts that Nationstar made "false, deceptive, or misleading representations in an effort to collect a debt." SAC ¶¶ 263-268. Alvarez argues that while a foreclosure is not a debt collection activity, violations related to payment collection qualify as a debt collection activity. Opp'n 14. Nationstar argues that the SAC fails to set forth the allegedly misleading statements or any other conduct prohibited by the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"). Mot. 13.

The RFDCPA prohibits creditors and debt collectors from, among other things, making false, deceptive, or misleading representations in an effort to collect a debt. Cal. Civ. Code § 1788, et seq. The RFDCPA defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ.Code, § 1788.2(c). As the state law version of the Fair Debt Collections Practice Act, the RFDCPA also requires the following to establish a violation: (1) plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined in the Act, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the Act. *Riggs v. Prober & Raphael*, 681 F.3d

16

1097, 1100 (9th Cir. 2012); *e.g.*, *Frost v. Resurgent Capital Servs., L.P.*, No. 15-03987, 2016 WL 3479087, at *2 (N.D. Cal. June 27, 2016).

The Court finds that Alvarez has not adequately pled a claim under the RFDCPA. Frist, "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA." *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009). Second, the allegations in the SAC fail to show that Nationstar was a "debt collector" under the statute. The complaint references the loan modification application process and potential non-judicial foreclosure in support of this cause of action but those activities on their own do not qualify as a debt collection activity under the RFDCPA. SAC ¶ 267. Alvarez cites *Ohlendorf v. Am. Home Mortg. Servicing*, 279 F.R.D. 575 (E.D. Cal. 2010), arguing that Nationstar's alleged violations pertain to payment collection efforts, falling under the purview of RFDCPA. Opp'n 14. However, the plaintiff in *Ohlendorf* made specific allegations that the defendant made "false reports to credit reporting agencies," falsely stated the amount of debt, and falsely stated a debt was owed, all in an effort to collect payment from the plaintiff. *Id.* at 582. In contrast, the SAC relies only on the allegations that Nationstar offered Alvarez an opportunity to complete a loan modification application and to delay a foreclosure proceeding. *E.g.*, SAC ¶ 267. However, offering an evaluation of a loan modification application or performing a foreclosure proceedings are not debt collection activities. Alvarez did not dispute at the motion hearing that this claim should be dismissed. Accordingly, the Court GRANTS Nationstar's motion to dismiss the RFDCPA claim.

### J. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party

17

that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

Three of the factors – undue delay, bad faith, or dilatory motive – are not applicable here because the present determination on whether to grant leave does not stem from a motion for leave by Alvarez and there is no evidence or allegation of "undue delay, bad faith or dilatory motive" over the course of this case. Undue prejudice to the opposing party also has limited application here because the complaint has given Nationstar fair notice of the asserted claims. The Court, however, finds that the remaining factors – repeated failure to cure deficiencies by amendments previously allowed, and futility of the amendment – to be dispositive. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Here, with respect to the sixth, seventh, and eighth causes of action, the Court GRANTS leave for Alvarez to plead allegations showing a cognizable injury caused by the alleged violations of California Civil Code §§ 2923.6 and 2923.7, and any loss of money or property in support of the violation of California Business & Professions Code § 17200. However, as to other causes of actions, Alvarez has already had two opportunities for substantive amendments to address the same deficiencies identified by the multiple rounds of motions to dismiss. As such, there is a repeated failure to cure the deficiencies. Further, in the various iterations of the complaint and opposition to the motions to dismiss, there appears no set of facts that could constitute sufficient allegations in support of these causes of actions to be dismissed here. Accordingly, the Court GRANTS Nationstar's motion to dismiss with leave to amend the sixth, seventh, and eighth causes of action to plead allegations showing a cognizable injury caused by the alleged violations of California Civil Code §§ 2923.6 and 2923.7, and loss of money or property in support of the eighth cause of action, but without leave to amend the other causes of actions.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court GRANTS without leave to amend Nationstar's motion to dismiss Alvarez's first cause of action for breach of contract, second cause of action for breach of the covenant of good faith and fair dealing, third cause of action for promissory estoppel, fourth cause of action for fraudulent misrepresentation, fifth cause of action for violating California Civil Code § 2923.5, and ninth cause of action for violating the Rosenthal Fair Debt Collection Practices Act.

2. The Court GRANTS with leave to amend Nationstar's motion to dismiss Alvarez's sixth cause of action and seventh cause of action, to plead allegations showing a cognizable injury caused by the violations of California Civil Code §§ 2923.6 and 2923.7.

3. The Court GRANTS with leave to amend Nationstar's motion to dismiss Alvarez's eighth cause of action for violating the California Business & Professions Code § 17200, to plead allegations showing loss of money or property caused by the violations of California Civil Code §§ 2923.6 and 2923.7.

4. Alvarez shall submit any amended complaint **on or before** April 29, 2017.

**IT IS SO ORDERED.**

Dated: March 28, 2017

BETH LABSON FREEMAN
United States District Judge